# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SCOTT M. HOLPER, BAR NO. 9587.

No. 74903

**FILED**

APR 27 2018



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT AND SUSPENDING ATTORNEY*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Scott M. Holper. Under the agreement, Holper admitted to violating RPC 3.3 (candor toward the tribunal), RPC 3.4 (fairness to opposing party and counsel), and RPC 4.1 (truthfulness in statements to others) and agreed to a six-month-and-one-day suspension to run concurrent to the six-month partially stayed suspension in *In re Discipline of Holper*, Docket No. 72014 (Order of Suspension, Sept. 28, 2017), which means the underlying suspension would be retroactive to September 28, 2017. The parties also agreed that Holper must pay restitution and the disciplinary costs from Docket No. 72014 before being reinstated and that he must pay the disciplinary costs from this proceeding plus $2,500 under SCR 120.

Holper has admitted to the facts and violations alleged in the complaint. The record therefore establishes that Holper violated RPC 3.3, RPC 3.4, and RPC 4.1 by submitting traffic adjudications for nine clients

without negotiating with and obtaining approval from the city attorney's office but presenting the adjudications to the court clerk as if he had.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). The panel found and the record supports that Holper knowingly violated duties he owed to the legal system and as a professional. Holper's clients were likely damaged as the resolution of their traffic matters were delayed. Additionally, the legal system was potentially damaged as Holper attempted an inappropriate one-sided resolution.

The baseline sanction for Holper's violations before considering aggravating and mitigating circumstances is suspension, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 6.22 (Am. Bar Ass'n 2015) ("Suspension is generally appropriate when a lawyer . . . causes interference or potential interference with a legal proceeding."); Standard 7.22 ("Suspension is generally appropriate when a lawyer knowingly" violated the RPC causing actual or potential injury to a client, the public, or the legal system). There are two aggravating circumstances (prior disciplinary offenses and substantial experience in the practice of law) and six mitigating circumstances ((1) absence of dishonest or selfish motive, (2) personal or emotional problems, (3) timely good faith effort to make restitution or to rectify consequences of misconduct, (4) full and free disclosure to disciplinary authority or cooperative attitude, (5) interim rehabilitation,

SUPREME COURT
OF
NEVADA

(O) 1947A

and (6) remorse).[1] SCR 102.5. Considering all four factors, we conclude that the agreed-upon discipline of a concurrent six-month-and-one-day suspension is sufficient to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (providing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney Scott M. Holper from the practice of law in Nevada for a period of six months and one day commencing September 28, 2017, and running concurrent to the suspension in *In re Discipline of Holper*, Docket No. 72014 (Order of Suspension, Sept. 28, 2017). Given the length of the suspension, Holper must petition for reinstatement. SCR 116(1). Holper's reinstatement is conditioned on his payment of restitution and costs as required in Docket No. 72014. Additionally, Holper shall pay the actual costs of the underlying

---

[1]While the panel also found the mitigating circumstance of mental disability or chemical dependency including alcoholism or drug abuse, the record does not support that finding. That mitigating circumstance only applies when "(1) there is medical evidence that the respondent is affected by chemical dependency or a mental disability; (2) the chemical dependency or mental disability caused the misconduct; (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely." SCR 102.5(2)(i). The only evidence in the record regarding this mitigating circumstance is a letter stating Holper is voluntarily participating in a rehabilitation program and Holper's self-reporting letter indicating he had "commenced treatment for his dependency and addiction issues."

disciplinary proceeding in addition to $2,500 under SCR 120. The parties shall comply with SCR 115 and SCR 121.1

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Chair, Southern Nevada Disciplinary Board
      Hofland & Tomsheck
      C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, U.S. Supreme Court